IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **EPT INTEGRITY ASSET MANAGEMENT LLC DBA SAN MATEO,** | § § § § | |
| *Plaintiff,* | § § | |
| | § | **Civil Action No. EP-25-CV-395-KC** |
| V. | § § | |
| **WESCO INSURANCE COMPANY,** | § § § | |
| *Defendant.* | § | |

## MOTION FOR LEAVE TO AMEND THE COMPLAINT

## **STATEMENT OF ISSUES**

1. Whether Plaintiff should be granted leave to amend the Complaint to add an additional named insured as a plaintiff after the amendment deadline set by the Court's Scheduling Order has expired.

2. Whether Plaintiff has demonstrated good cause for the proposed amendment, including a reasonable explanation for the timing of the request, the importance of adding the additional named insured to ensure proper adjudication of the claims, the absence of undue prejudice to Defendant, and the availability of procedural remedies to address any minimal impact on the case schedule.

3. Whether allowing the amendment will promote a fair and efficient resolution of the dispute, where the proposed additional plaintiff is a named insured under the policy at issue, was the owner of the insured property at the time the policy was issued and at the time of the loss, and asserts the same claims arising from the same facts already before the Court.

COMES NOW, the Plaintiff, EPT Integrity Asset Management LLC dba San Mateo (hereinafter "Plaintiff"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15(a)(2), hereby requests that the Court grant it leave to amend the Complaint to add an additional plaintiff and substitute the attached Amended Complaint. In support thereof, the plaintiff states as follows:

## I. INTRODUCTION

This case arises from Defendant Wesco Insurance Company's ("Wesco") handling of an insurance claim submitted under a policy that provides coverage to more than one insured. After filing the Original Complaint, Plaintiff confirmed that EPT San Mateo Apartments, LP is an additional named insured on the policy underlying this instant case. Plaintiff now seeks leave to amend the Complaint to add EPT San Mateo Apartments, LP as a Plaintiff so that all insured parties with an interest in the claim may be properly before the court. Defendant has indicated that it opposes Plaintiff's request to amend the Complaint to add the additional plaintiff.

## II. FACTUAL BACKGROUND

On September 1, 2025, Plaintiff filed its Complaint against Wesco alleging breach of contract and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act in the 210th District Court in El Paso County, TX. Defendant filed a general denial and affirmative defenses, and removed the case to this Court on September 17, 2025, and the Court agreed that it had subject matter jurisdiction on October 7, 2025. A Scheduling Order was filed and provided a deadline for Plaintiff to

move to join additional parties and to amend the pleadings of December 15, 2025. As the time to amend the pleadings and to join additional parties has expired, Plaintiff seeks this Court's leave to amend the pleadings with a showing of good cause and no undue prejudice to Defendant.

### III. ARGUMENT

**A. Legal Standard**

Federal Rule of Civil Procedure 15 generally provides that leave to amend should be granted "when justice so requires." FED. R. CIV. P. 15(a)(2). In deciding whether to grant leave to file an amended pleading, the district court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

When a deadline set by the court for seeking leave to amend has expired, Federal Rule of Civil Procedure 16(b) determines whether leave to amend should be granted. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA.,* 315 F.3d 533, 536 (5th Cir. 2003). When a party seeks leave to amend pleadings after the deadline set in a scheduling order, Federal Rule of Civil Procedure 16(b)(4) requires the moving party to demonstrate "good cause" for failing to meet that deadline. *SW Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003). In determining whether good cause exists, courts consider four factors: "(1) the explanation for the failure to timely seek

leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Servs., Inc.,* 551 F.3d 344, 348 (5th Cir. 2008) (quotation omitted). If good cause is established under Rule 16(b), the court then applies the more liberal amendment standard of Rule 15(a) to the request for leave to amend. *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).

### B. Plaintiff Has Demonstrated Good Cause for Leave to Amend

Leave to amend is appropriate under the circumstances presented. Plaintiff seeks amendment in good faith and without intent to cause delay, and the proposed amendment does not alter the nature or scope of this action. Instead, it seeks to add an additional plaintiff who is an additional named insured under the policy at issue so that all parties with a direct interest in the claims are properly before the Court. Although a trial date has been set, discovery remains open and ongoing, and the timing of the request does not unfairly impact Defendant's ability to defend the case.

As set forth below, Plaintiff satisfies the applicable standard for post-deadline amendment. Plaintiff provides a reasonable explanation for the timing of the request, the amendment is important to the orderly adjudication of the claims, Defendant will not suffer undue prejudice, and any minimal impact on the schedule can be addressed through available procedural mechanisms.

#### 1. Explanation for Failure to Amend

Plaintiff failed to timely amend to add EPT San Mateo Apartments, LP as a party

plaintiff to this lawsuit due to a misunderstanding as to which entity owned the subject property at the time the policy was incepted and at the time of the loss. Upon additional discovery, counsel discovered that EPT San Mateo Apartments, LP was the owner of the property at the time the policy was incepted and at the time of the loss; and verified that the company is named as an additional named insured. As soon as Plaintiff discovered this unintentional omission, the need to add the additional insured became apparent and Plaintiff immediately reached out to Defendant to discuss amending the complaint to add the additional named insured, EPT San Mateo Apartments, LP, as an additional party plaintiff to this lawsuit.

### 2. Importance of the Amendment

The proposed amendment is critical because EPT San Mateo Apartments, LP was the owner of the subject property at the time the policy was incepted and at the time of loss. EPT San Mateo Apartments, LP therefore has a claim against Defendant and will be prejudiced if not allowed to join this lawsuit. Further, Plaintiff conferred with Defendant prior to the entry of the Scheduling Order and neither Plaintiff nor the Defendant identified this as an issue. The amendment does not introduce new claims, theories, or factual allegations, but instead ensures that all parties with a direct interest in the policy benefits are properly before the Court.

### 3. No Potential Prejudice for Defendant

Allowing the proposed amendment will not prejudice Defendant. EPT San Mateo Apartments, LP is an additional named insured under the policy at issue, and

Defendant has been aware of the policy, named insureds, and the underlying claim since the outset of this litigation. The amendment does not alter the factual basis of the case, expand the scope of discovery, or introduce new claims or theories of liability. Because Defendant has long been on notice of the additional insured's interest in the policy and the claim, Defendant cannot reasonably argue that it will suffer surprise or unfair prejudice as a result of the amendment.

### 4. Availability of Continuance

The discovery deadline in this case is May 15, 2026, leaving sufficient time for any limited additional discovery related to the inclusion of the additional plaintiff. Because the additional plaintiff's claims arise from the same policy, the same loss, and the same underlying facts already at issue, any supplemental discovery should be minimal. To the extent the Court determines that any additional time is necessary, a brief continuance should be available to cure any alleged prejudice without disrupting the overall case schedule, further supporting a finding of good cause to permit amendment.

Plaintiff has shown good cause; justice will be served by allowing Plaintiff to amend its original Complaint.

### V. CONCLUSION

WHEREFORE, Plaintiff request that the Court enter an Order granting the present Motion, granting the Plaintiff leave to amend the Complaint, and substituting the attached Amended Complaint in place of the original Complaint.

Respectfully submitted this 16th day of January, 2026.

                                                **MERLIN LAW GROUP, PLLC**
/s/ Dalli H. Seyb
Dalli H. Seyb, Esq.
Texas Bar No.: 24097785
William L. Flournoy, Esq.
Texas Bar No.: 24136162
6275 W. Plano Pkwy. Ste. 500
Plano, TX 75093
Tel.: (214) 459-9734
wflournoy@merlinlawgroup.com
dseyb@merlinlawgroup.com
rallen@merlinlawgroup.com
dtolbert@merlinlawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 16, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF electronic document filing system, which will electronically serve the foregoing on the following counsel of record:

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
c/o J. Richard (Rick) Harmon
Plaza of the Americas, 700 N. Pearl Street
Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: 214-880-8200
Facsimile: 214-871-8209
*Attorneys for Defendant*

Respectfully submitted this 16th day of January, 2026.

**MERLIN LAW GROUP, PLLC**

/s/ Dalli H. Seyb
**Dalli H. Seyb, Esq.**