**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EPT INTEGRITY ASSET MANAGEMENT LLC d/b/a SAN MATEO and EPT SAN MATEO APARTMENTS, LP,** | § | |
| ***Plaintiffs*,** | § | |
| **v.** | § | **EP-25-CV-00395-KC** |
| **WESCO INSURANCE COMPANY,** | § | |
| ***Defendant.*** | § | |

**ORDER**

Before the Court is Defendant's Motion for Leave to Conduct More than Ten Depositions and Motion to Compel Discovery, ECF No. 41 [hereinafter "Mot."], referred to the undersigned Magistrate Judge for determination by United States District Judge Kathleen Cardone, pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules.[1] For the reasons set forth herein, the Motion is **DENIED**.

## I. BACKGROUND

This is a first-party insurance coverage case arising from alleged storm-related damage to Plaintiffs' apartment complex. *See* Def.'s Not. of Removal ¶ 1, ECF No. 1. Plaintiffs commenced this action in state court on August 1, 2025, and it was removed to this Court on September 17,

[1] A motion for leave to conduct more than ten depositions is a non-dispositive matter upon which a Magistrate Judge can enter an order. *See, e.g., Mullenix v. Univ. of Tex. at Austin,* No. 1-19-CV-1203-LY-SH, 2021 WL 3474008, at *1 (W.D. Tex. Aug. 6, 2021).

2025. *Id.* ¶ 2. The central dispute in this case is whether the damage to the apartment complex was storm related or whether there were other causes. *See* Mot. 1. To date, Defendant has taken or scheduled more than ten depositions. *See* Pls.' Resp. in Opp'n to Def.'s Mot. for Leave to Conduct More than Ten Depositions & Mot. to Compel Disc. 3, ECF No. 45 [hereinafter "Resp."]. On September 3, 2026, Defendant filed a motion requesting leave to conduct eleven additional depositions. *See* Mot. 11.

## II. LEGAL STANDARD

A party must obtain leave of court if the parties have not stipulated to the deposition and the deposition would result in more than ten depositions being taken. Fed. R. Civ. P. 30(a)(2)(A)(i). Courts must grant leave to the extent consistent with Federal Rules of Civil Procedure 26(b)(1) and 26(b)(2). Fed. R. Civ. P. 30(a)(2). The scope of discovery is as follows:

> parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Relevancy is construed liberally so that the basic issues and facts of the case are disclosed to the fullest extent practical. However, the scope of discovery is not unlimited and is committed to the sound discretion of the court." *Export Worldwide, Ltd. v. Knight,* 241 F.R.D. 259, 262-63 (W.D. Tex. 2006) (citing *McClain v. Mack Trucks, Inc*., 85 F.R.D. 53, 57 (E.D.Pa. 1979)). The Court must limit the frequency or extent of discovery otherwise allowed by the rules if it determines:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

"Rule 30(a)(2)(A) is intended to control discovery, with its attendant costs and potential for delay, by establishing a default limit on the number of depositions." *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001) (citing *Whittingham v. Amherst Coll.*, 163 F.R.D. 170, 171–72 (D.Mass. 1995)). "Because the Rule 30 limit on depositions was intended to curb abusive discovery practices, 'it stands to reason that a party wishing to conduct more than 10 depositions has the burden of persuading the court that these additional depositions are necessary.'" *Mullenix v. Univ. of Tex. at Austin,* No. 1-19-CV-1203-LY-SH, 2021 WL 3474008, at *1 (W.D. Tex. Aug. 6, 2021) (quoting *Talismanic Props., LLC v. Tipp City, Ohio*, 309 F. Supp. 3d 488, 497 (S.D. Ohio 2017)). "The moving party must make a particularized showing why extra depositions are necessary." *Mullenix,* 2021 WL 3474008, at *1 (citing *Talismanic Props., LLC,* 309 F. Supp. 3d at 497).

"The party seeking leave under Rule 30(a)(2)(A) to take more than ten depositions must 'show the necessity of all the depositions she took in reaching the prescribed limit,' that is, 'the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A).'" *Zenith Ins. Co. v. Tex. Inst. for Surgery, L.L.P.,* No. 3:18-cv-182-D, 2018 WL 5084913, at *4 (N.D. Tex. Oct. 18, 2018) (quoting *Barrow*, 202 F.R.D. at 482-83). "In other words, [the party seeking leave] must establish not only the necessity of each deposition identified in his motion (i.e., witnesses 11 through 20), but also the necessity of all the depositions he has taken or will take in reaching the prescribed limit (i.e., witnesses 1 through 10)." *Zenith Ins. Co.,* 2018 WL

5084913, at *4 (quoting *MacKenzie v. Castro*, No. 3:15-cv-752-D, 2016 WL 3906084, at *5 (N.D. Tex. July 19, 2016))

"The mere fact that more than ten individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense." *Byers v. Navarro Cty.*, No. 3:09-CV-1792-D, 2011 WL 4367773, at *2 (N.D. Tex. Sept. 19, 2011) (quoting *United States v. Goertz,* No. A–09–CA–179 LY, 2010 WL 2900309, at *1 (W.D. Tex. July 20, 2010)). The standard for including an individual in an initial disclosure "is lower than the standard [the party seeking leave] must meet to show the necessity of the individual's depositions and to justify a deposition under the Rules 26(b)(1) and 26(b)(2) standards." *Zenith Ins. Co.,* 2018 WL 5084913, at *6.

## III. DISCUSSION

### A. Necessity of the stipulated-to depositions

As of the date of this Order, Defendant has deposed or is scheduled to depose the Federal Rule of Civil Procedure 30(b)(6) Corporate Representative for Plaintiffs KC Griffin[2], Welsey Levinson, Richard Aguilar, James Irmiter, Henry Keith, Richard Henning, Jeannette Allen, Ismael Dominguez, DFW Housing Partners, Lopez Roofing, and Restore Masters. *See* Mot 3-5. The parties have stipulated to the depositions of Robert Hinojos. *See* Resp. 3.

KC Griffin is Plaintiffs' corporate representative; her deposition is therefore necessary. Wesley Levinson is Plaintiffs' public adjuster. Mot. 3. Given Wesley Levinson's knowledge of the alleged damage, Defendant established the necessity of his deposition. Richard Aguilar was identified as having "information about the purchase of the policy at issue; the damage to the property caused by the wind/hailstorm event, the claim handling process and the damages to the

[2] The parties dispute whether the deposition of the Rule 30(b)(6) corporate representative counts as one or two depositions towards the presumptive limit of ten depositions. *See* Reply. 6. Either way Defendant has exceeded the presumptive limit of ten depositions, and the issue does not need to be resolved to rule on the motion.

properties owned by Plaintiff." Mot. Ex. C 2. Since Richard Aguilar has unique knowledge regarding the claims handling process, Defendant established the necessity of his deposition. James Irmiter, Henry Keith, and Richard Henning are Plaintiffs' retained experts; their depositions are therefore necessary. *See* Mot. 4.

Jeannette Allen is "Plaintiffs' Regional Manager identified by Plaintiffs' corporate representative as having knowledge about the claimed damage to the Property." Mot. 4. Ismael Dominguez is Plaintiffs' Maintenance Manager "identified by Plaintiffs' corporate representative as having knowledge about the claimed damage to the Property." *Id.* As on-site staff both Jeannette Allen and Ismael Dominguez likely have personal knowledge of the condition of the property before and after the storms; thus, Defendant established the necessity of their depositions.

Lopez Roofing is a contractor hired by Plaintiffs for roofing work at the Property following the storm event. Mot. 5. Restore Masters is a contractor hired by Plaintiffs to inspect the property and the source of the referral for a public adjustor. *Id*. Given that both Lopez Roofing and Restore Masters have personal knowledge of the condition of the property after the storm events; Defendant established the necessity of their depositions.

DFW Housing Partners is a "[c]ontractor that had communications with Plaintiffs regarding alleged storm-related damage." Mot. 4-5. Defendants knew as of January 6, 2026, that DFW Housing never inspected the subject property. Resp. 7. This was confirmed during Ms. Griffin's deposition. *Id*. Defendant did not articulate the need to depose this entity given that the limited information that could be gained from a vendor who never inspected the property, and that Plaintiffs only communicated with in an attempt to schedule an inspection. *See id*. at 8.

Robert Hinojos is Plaintiffs' maintenance manager. *See* Mot. Ex. C 6. Defendant provided no argument for the necessity of Robert Hinojos' deposition beyond him being listed in Plaintiffs'

disclosures. *See* Mot. 6. Defendant provided no argument for the necessity of Richard Aguilar's deposition. Defendant failed to show the necessity of each deposition it took in reaching the prescribed limit; which is sufficient grounds to deny the motion, regardless of the necessity of the additional depositions sought. *See Byers*, 2011 WL 4367773, at *2.

**B. Necessity of additional depositions**

Defendant seeks leave to depose Jose Flores, Joseph Fulkerson, Juan Acuna, Javier Aguilar Garcia, Hector Torres, Michelle Garcia, Anthony Lara, Samual Lujan, Monica Reyes, Javier Lara, and Christian Chaparro. *See* Mot. 11. Jose Flores is listed as having "information about the purchase of the policy at issue; the damage to the property caused by the wind/hailstorm event, the claim handling process and the damages to the properties owned by Plaintiffs." Mot. Ex. C 2. Richard Aguilar, *see id*., Joseph Fulkerson, *see id*. 3, and Jose Flores, *see id*. 2, have identical descriptions. Richard Aguilar has already been deposed. *See* Resp. 3. Defendant has failed to explain how Jose Flores' and Joseph Fulkerson's testimony would not be cumulative nor duplicative of Richard Aguilar's testimony. *See Mullenix*, 2021 WL 3474008, at *3 ("Plaintiff has failed to explain why it is necessary to depose eight different members of the Budget Committee and how the testimony adduced in those depositions would not be cumulative or duplicative."). Defendant is therefore denied leave to depose Jose Flores and Joseph Fulkerson.

Juan Acuna, Javier Aguilar Garcia, and Hector Torres are all listed as maintenance employees who "[have] information about the maintenance of the property and the damage to the property that was caused by the wind/hailstorm event." Mot. Ex. C 7-8. This is the same description provided for Ismael Dominguez, Mot. Ex. C 8, and Robert Hinojos, Mot. Ex. C 7, both of whom Plaintiffs have already agreed to produce for depositions, *see* Resp. 3. Defendant did not articulate how Juan Acuna, Javier Aguilar Garcia, and Hector Torres' testimony would not be

cumulative nor duplicative of the testimony provided by their own manager and supervisor. Defendant is therefore denied leave to depose Juan Acuna, Javier Aguilar Garcia, and Hector Torres.

Michelle Garcia, Anthony Lara, Samual Lujan, Monica Reyes, and Javier Lara are all staff at the apartment complex at issue. Mot. 10. In Plaintiffs' amended disclosures they are described as "[having] information about the maintenance of the property and the damage to the property that was caused by the wind/hailstorm event." Mot. Ex. C 8-10. Defendant has already deposed Jeannette Allen, Plaintiffs' regional manager, and Plaintiffs' corporate representative. *See* Mot. 3. Defendant failed to articulate what additional information the listed property staff would have beyond what Ms. Allen and Ms. Griffin have provided. In response to Plaintiffs' describing this failure, Defendant cited Plaintiffs including these individuals in Plaintiffs' disclosures as the sole rationale for the need to depose them. *See* Def.'s Reply in Supp. of Mot. for Leave to Conduct More than Ten Depositions & Mot. to Compel Disc. 3, ECF No. 48 [hereinafter "Reply."]. However, the standard for including an individual in an initial disclosure "is lower than the standard [the party seeking leave] must meet to show the necessity of the individual's depositions and to justify a deposition under the Rules 26(b)(1) and 26(b)(2) standards." *Zenith Ins. Co.,* 2018 WL 5084913, at *6. Simply because more than ten individuals may have discoverable information and are therefore included in a party's disclosures does not mean taking more than ten depositions makes sense. *See Byers*, 2011 WL 4367773, at *2 (quoting *Goertz,* 2010 WL 2900309, at *1). Therefore, Defendant's request for leave to depose Michelle Garcia, Anthony Lara, Samual Lujan, Monica Reyes, and Javier Lara is denied.

Christian Chaparro is the roofing supervisor listed as "[having] information about the property and the damage to the property that was caused by the wind/hailstorm event." Mot. Ex.

C 10. In their response, Plaintiffs note "Mr. Chaparro was not an employee at the time of the loss, and Ms. Griffin testified that Mr. Chaparro leads the in-house roofing team that was not assembled until approximately March 2024, nearly two years after the wind/hailstorm event at issue." Resp. 10. In response, Defendant again cited Plaintiffs' disclosures. Reply. 3. However, including an individual in an initial disclosure does not automatically mean his deposition is necessary. *See Byers*, 2011 WL 4367773, at *2 (quoting *Goertz,* 2010 WL 2900309, at *1). Additionally, "[t]he moving party must make a particularized showing why extra depositions are necessary." *Mullenix,* 2021 WL 3474008, at *1 (citing *Talismanic Props., LLC,* 309 F. Supp. 3d at 497). Defendant made no additional argument to explain the necessity of Mr. Chaparro's deposition. Because Defendant failed to articulate the necessity of Mr. Chapparo's deposition, the request for leave to depose him is denied.

## I. CONCLUSION

For the foregoing reasons, the Court **ORDERS** Defendant's Motion for Leave to Conduct More than Ten Depositions and Motion to Compel Discovery, ECF No. 41, is **DENIED**.

**SIGNED** this 2nd day of November, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**